UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No.: 2:25-cv-982

CHHJ FRANCHISING, L.L.C.,

    Plaintiff,

vs.

HANDY HUNKS, LLC,

    Defendant.

_____/

PERMANENT INJUNCTIVE RELIEF REQUESTED

DEMAND FOR JURY TRIAL

## COMPLAINT

This is an action by CHHJ Franchising, L.L.C. ("CHHJ" or "Plaintiff") to recover damages arising from infringement of Plaintiff's COLLEGE HUNKS and other HUNKS-formative trademarks by Handy Hunks, LLC ("Defendant" or "Handy Hunks") and to enjoin Defendant's future infringement of Plaintiff's trademarks. In support of its claims, Plaintiff alleges as follows:

### THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 4411 West Tampa Bay Boulevard, Tampa, Florida 33614.

2. Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 3186 Cotuit Lane, Naples, Florida 34114.

## JURISDICTION AND VENUE

3. Through this Complaint, Plaintiff asserts claims against Defendant that arise under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*.

4. The Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121(a) because Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

5. Jurisdiction over the common law claim is also appropriate under 28 U.S.C. § 1367(a) because that claim is substantially related to the federal Lanham Act claims.

6. The Court has personal jurisdiction over Defendant in that Defendant resides in this State; transacts business in this State; has a principal place of business in this State; and has substantial contacts with this State.

7. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b)(1) because Defendant's principal place of business is in this judicial district and because, under 28

U.S.C. §§ 1391(b)(2)-(3), a substantial part of the events giving rise to the claims herein occurred in this judicial district, and Defendant is subject to the Court's personal jurisdiction for the claims alleged herein.

### I. BACKGROUND FACTS

A. **CHHJ's Well-Known HUNKS Marks**.

8. CHHJ, through its franchisees and licensees, offers a variety of manual labor services related to the home services industry, including professional local and long-distance moving, packing, loading, unloading, junk removal, and light demolition and other labor services through more than 170 franchised and corporately-owned locations nationwide, including multiple locations in the State of Florida.

9. Since at least as early as 2003, CHHJ, together with its franchisees and licensees, has used the trademark COLLEGE HUNKS HAULING JUNK and other HUNKS-formative trademarks in connection with various services.

10. Since at least as early as 2017, CHHJ, together with its franchisees and licensees, has used the following design mark, and variations thereof, depicting its "Hunk" design showing a muscular man with his left arm flexed and right arm pointed outwards and upwards (the "Hunks Logo"):



3

11. CHHJ owns the following U.S. trademark registrations which incorporate the HUNKS designation:

| Trademark | Class/Services | Reg. No. | Reg. Date |
|---|---|---|---|
| COLLEGE HUNKS HAULING JUNK | **Class 39:** garbage collection by part-time college students | 3179220 | 05-Dec-2006 |
| COLLEGE HUNKS HAULING JUNK | **Class 39:** garbage collection | 3210015 | 20-Feb-2007 |
| THE JUNK HUNK | **Class 37:** junk collection and removal service | 3382970 | 12-Feb-2008 |
| HUNK SQUAD | **Class 39:** moving of household and office items by motor vehicle | 4214580 | 25-Sep-2012 |
| COLLEGE HUNKS MOVING | **Class 39:** transportation of household goods by motor vehicle | 3993081 | 12-Jul-2011 |
| COLLEGE HUNKS | **Class 39:** garbage collection; junk removal; junk, trash and debris removal; moving company services | 4904899 | 23-Feb-2016 |
| COLLEGE H.U.N.K.S. HAULING JUNK & MOVING | **Class 39:** garbage collection; junk removal; junk, trash and debris removal; moving company services; transportation of household goods of others | 6013241 | 17-Mar-2020 |

4

| Trademark | Class/Services | Reg. No. | Reg. Date |
|---|---|---|---|
| COLLEGE H.U.N.K.S. HAULING JUNK & MOVING | **Class 39:** garbage collection; junk removal; junk, trash and debris removal; moving company services; transportation of household goods of others | 6013242 | 17-Mar-2020 |
| *COLLEGE H.U.N.K.S. HAULING JUNK (logo)* | **Class 39:** garbage collection; junk removal; junk, trash and debris removal | 6718442 | 03-May-2022 |
| COLLEGE H.U.N.K.S. HAULING JUNK | **Class 39:** garbage collection; junk removal; junk, trash and debris removal | 6716834 | 03-May-2022 |
| COLLEGE H.U.N.K.S. MOVING | **Class 39:** moving company services; transportation of household goods of others | 6817833 | 16-Aug-2022 |
| *COLLEGE H.U.N.K.S. HAULING JUNK (logo)* | **Class 39:** moving company services; transportation of household goods of others | 6842625 | 13-Sep-2022 |
| *COLLEGE H.U.N.K.S. MOVING (logo)* | **Class 39:** moving company services; transportation of household goods of others | 7187290 | 10-Oct-2023 |

12. These marks are hereinafter referred to as the "Hunks Registered Marks," and certificates of registration for each registration are attached as Exhibit 1. The Hunks Logo and the Hunks Registered Marks are collectively referred to as the "HUNKS Marks."

5

13. All of the foregoing registrations for the Hunks Registered Marks are in full force and effect, and Reg. Nos. 4,214,580, 4,904,899, 3,382,970, and 3,993,081 are incontestable under 15 U.S.C. § 1065.

14. The HUNKS Marks are inherently distinctive.

15. CHHJ also owns common law rights in the HUNKS Marks arising from its use of these marks in connection with manual labor services related to the home services industry, including professional local and long-distance moving, packing, loading, unloading, junk removal, and light demolition in the State of Florida.

B. **Defendant's Unlawful Activities**.

16. In or around February 2024, Defendant was established in Florida under the business name Handy Hunks, LLC.

17. Upon information and belief, when Defendant established its HANDY HUNKS business, it knew of CHHJ, its HUNKS Marks, and its Hunks Logo because at least one of Defendant's managers was the son of a former CHHJ franchisee.

18. Upon information and belief, shortly after its formation in February 2024, Defendant adopted and began using the trademark HANDY HUNKS in connection with manual labor services related to the home,

6

including cleaning, junk removal, moving furniture, window cleaning, pressure washing, and roof cleaning services.

19. Defendant also uses the following design mark in connection with manual labor services related to the home, including cleaning, junk removal, moving furniture, window cleaning, pressure washing, and roof cleaning services:



This mark is hereinafter referred to as the "Handy Hunks Logo" and, together with Defendant's HANDY HUNKS mark, is referred to as the "HANDY HUNKS Marks."

20. Defendant's services under the HANDY HUNKS Marks are advertised on its website at www.handyhunkservices.com ("Defendant's Website").

21. Defendant's Website advertises various services, including window, roof, and gutter cleaning and pressure washing.

22. In addition, Defendant's Website depicts customer reviews showing Defendant offers furniture moving services under the HANDY HUNKS Marks:



23. Defendant's Website also advertises that Defendant offers franchising opportunities under the HANDY HUNKS Marks.

24. Defendant's franchise opportunities are advertised on the website at https://franchisefundingsolutions.com/franchise/handy-hunks/, which states that Defendant offers "junk removal services" under the HANDY HUNKS Marks and depicts a photo from the business depicting individuals associated with Defendant either moving furniture or removing junk from a home, as seen on the following page:

> was born. With an emphasis on excellence in both service and customer experience, Handy Hunks offers roof cleaning, pressure washing, window cleaning, gutter cleaning, and junk removal services. Each service is delivered with the highest level of expertise and care. Despite a modest



25. Defendant's services under the HANDY HUNKS Marks are the same as, or highly similar to, the services offered by Plaintiff under the HUNKS Marks.

26. Defendant's HANDY HUNKS mark is confusingly similar to Plaintiff's HUNKS Marks and fully incorporates the term HUNKS.

27. Defendant's Handy Hunks Logo is confusingly similar to Plaintiff's Hunks Logo and, like Plaintiff's Hunks Logo, incorporates a muscular man with his left arm flexed and right arm pointed outwards and upwards.

C. **CHHJ's Repeated, Futile Attempts to Amicably Resolve the Dispute**.

28. In August 2025, Plaintiff sent Defendant an email explaining CHHJ's trademark rights and requesting that Defendant cease use of the HANDY HUNKS Marks.

29. On August 26, 2025, Plaintiff received a response from Gary and Kim Bussard, parents of Bryce Bussard (one of Defendant's managers) and former owners of a CHHJ franchisee.

30. Mr. and Ms. Bussard stated that, while they are not "members" of Defendant, they disagreed that the HANDY HUNKS Marks were confusingly similar to CHHJ's trademarks.

31. On September 18, 2025, Plaintiff's counsel sent a letter to Defendant's counsel, reiterating CHHJ's rights in the HUNKS Marks and again demanding that Defendant cease use of the HANDY HUNKS Marks.

32. Plaintiff's letter requested a response by September 26, 2025, but neither Defendant nor its counsel responded.

33. Therefore, on September 30, 2025, Plaintiff's counsel followed up by email with Defendant's counsel and requested a substantive response.

34. Defendant's counsel responded that day and agreed to "try to provide an update by "October 3, 2025."

35. Plaintiff did not receive a response by October 3, 2025.

36. Therefore, on October 6, 2025, Plaintiff's counsel sent a second follow up email to Defendant's counsel.

37. Again, neither Defendant nor its counsel responded.

38. Plaintiff's counsel sent a second demand letter to Defendant on October 10, 2025, requesting a response no later than October 15, 2025.

39. Defendant's counsel responded on October 10, 2025, stating "[y]ou will have a response by" October 15, 2025.

40. Yet again, neither Defendant nor its counsel responded on or before October 15, 2025.

41. On October 16, 2025, Defendant finally responded to Plaintiff's counsel via email stating simply:

> Dear Mr. Geller,
>
> We acknowledge receipt of your correspondence. Our legal team will be in contact with you over the next couple of weeks.
>
> Sincerely,
>
> Sam Denor
>
> Co-Owner / President of Handy Hunks

42. Finally, on October 22, 2025, Defendant's new counsel responded to Plaintiff in a single-page letter, refusing to cease use of the HANDY HUNKS mark.

43. Despite Plaintiff's numerous, reasonable efforts to amicably resolve this matter, Defendant continues to use the HANDY HUNKS Marks.

44. Defendant uses and intends to continue to use the HANDY HUNKS Marks without Plaintiff's authorization, thereby confusing consumers as to the source of Defendant's services and resulting in damage and detriment to Plaintiff and its reputation and goodwill.

45. Defendant willfully and knowingly used and continues to use the HANDY HUNKS Marks with knowledge of Plaintiff's rights in the HUNKS Marks.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement
### (15 U.S.C. § 1114)

46. Plaintiff realleges the allegations contained in paragraphs 1 through 45, inclusive, of this Complaint as though fully set forth herein.

47. Defendant's actions described above and specifically, without limitation, its unauthorized use in commerce of the HANDY HUNKS Marks, which are confusingly similar to Plaintiff's HUNKS Marks, to advertise, promote, market and sell Defendant's services in the United States, including in Florida, constitute infringement of Plaintiff's federally registered trademarks in violation of 15 U.S.C. § 1114.

48. Defendant has used in commerce, without Plaintiff's permission, the HANDY HUNKS Marks in a manner that is likely to cause confusion with respect to the source and origin of Defendant's business and is likely to cause confusion or mistake and to deceive purchasers as to the affiliation, connection, approval, sponsorship or association of Plaintiff and the HUNKS Marks with Defendant and Defendant's services.

49. Defendant's actions, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial

consisting of, among other things, diminution in the value of, and goodwill associated with, the HUNKS Marks and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

50. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant in connection with its unauthorized use of the HANDY HUNKS Marks, and the costs of this action.

51. Upon information and belief, Defendant's actions are willful, and Defendant intentionally caused and continues to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition and Trademark Infringement
### (15 U.S.C. § 1125(a))

52. Plaintiff realleges the allegations contained in paragraphs 1 through 45, inclusive, of this Complaint as though fully set forth herein.

53. Defendant's actions described above and specifically, without limitation, its unauthorized use in commerce of the HANDY HUNKS Marks, which are confusingly similar to the HUNKS Marks, to advertise, promote, market and sell Defendant's services in the United States, including Florida,

13

constitute federal unfair competition and trademark infringement in violation of 15 U.S.C. § 1125(a).

54. Defendant's unauthorized use in commerce of the HANDY HUNKS Marks constitutes a false designation of origin and a false association that wrongfully and falsely designate the services and products offered thereunder as originating from Plaintiff or being associated, affiliated or connected with or approved or sponsored by Plaintiff.

55. Defendant's actions, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of, and goodwill associated with, the HUNKS Marks and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

56. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant in connection with its unauthorized use of the HANDY HUNKS Marks, and the costs of this action.

57. Upon information and belief, Defendant's actions are willful, and Defendant intentionally caused and continues to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
### Common Law Unfair Competition

58. Plaintiff realleges the allegations contained in paragraphs 1 through 45, inclusive, of this Complaint as though fully set forth herein.

59. Defendant's actions complained of herein constitute unfair competition under the common law of the State of Florida.

60. Defendant's actions have caused and will likely continue to cause confusion, mistake, and deception among consumers.

61. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff, including irreparable harm for which there is no adequate remedy at law.

62. As a consequence of Defendant's unfair competition, Plaintiff is entitled to damages and injunctive relief ordering Defendant to cease this unfair competition.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief against Defendant as follows:

1. Enter judgment against Defendant as indicated below:

    a. that Defendant has committed and is committing acts of trademark infringement and unfair competition in violation of 15 U.S.C. §§ 1114, 1125(a) and common law;

  b. that Defendant has willfully and knowingly committed and is committing acts of trademark infringement in violation of 15 U.S.C. §§ 1114, 1125(a) and common law;

2. That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 *et seq.* restraining and enjoining Defendant and its agents, partners, servants, employees, officers, attorneys, managers, successors and assigns, and all persons acting in concert with or on behalf of Defendant, from:

  a. using, imitating, copying, or making any other infringing use of the HUNKS Marks and any other mark now or hereafter confusingly similar or identical thereto, including, but not limited to, the HANDY HUNKS Marks;

  b. manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any goods or services under any simulation, reproduction, counterfeit, copy, or colorable imitation of the HUNKS Marks, including, but not limited to, the HANDY HUNKS Marks;

  c. using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals erroneously to believe that any good or service has been provided, produced, distributed, offered for distribution,

16

        circulated, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Plaintiff, when such is not true in fact;

        d.    using any mark identical or confusingly similar to the HUNKS Marks, including, without limitation, the HANDY HUNKS Marks;

        e.    engaging in any other activity constituting an infringement of the HUNKS Marks or of CHHJ's rights in, or right to use or to exploit, said marks; and

        f.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

    3.    Order Defendant to hold in trust, as constructive trustees for the benefit of Plaintiff, its profits obtained from its provision of Defendant's goods and services under the HANDY HUNKS Marks;

    4.    Order Defendant to provide Plaintiff a full and complete accounting of all amounts due and owing to Plaintiff as a result of Defendant's illegal activities;

    5.    Order Defendant to pay Plaintiff's damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a) for Defendant's willful violation of the HUNKS Marks;

6. Order Defendant to pay trebled damages for the damages sustained by Plaintiff that are attributable to Defendant's willful and knowing infringement of Plaintiff's federally registered trademarks;

7. Order Defendant to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action; and

8. Grant Plaintiff such other and additional relief as is just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 30, 2025                                Respectfully submitted,

**DLA Piper LLP (US)**

*/s/ Ardith Bronson*
Ardith Bronson, Esq.
Florida Bar Number: 423025
ardith.bronson@us.dlapiper.com
Jose M. Espinosa, Esq.
Florida Bar Number: 1030890
jose.espinosa@us.dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Telephone (305) 423-8562

*Counsel for Plaintiff CHHJ Franchising, L.L.C.*