UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHHJ FRANCHISING LLC,

       Plaintiff,

v.                                                                    Case No.:  2:25-cv-982-SPC-NPM

HANDY HUNKS LLC,

       Defendant.

**OPINION AND ORDER**

Before the Court is Defendant Handy Hunks LLC's motion to dismiss and motion to strike.  (Doc. 16).  Plaintiff CHHJ Franchising LLC responded.  (Doc. 25).  For the below reasons, the Court denies the motions.

**Background**

This is a trademark dispute.[1]  Plaintiff is a business that, through franchising and licensing, offers various manual labor services related to home care, including moving and trash removal.  Since 2003, Plaintiff, as well as its franchisees and licensees, has used the trademark COLLEGE HUNKS HAULING JUNK and other HUNKS-related trademarks in connection with various services.  Plaintiff owns thirteen different trademark registrations

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff.  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

that incorporate the word HUNK ("COLLEGE HUNKS marks").  (*See* Doc. 1 ¶ 11).  All of the COLLEGE HUNKS marks are currently in effect.

The following image of a muscular man is used in at least three of Plaintiff's registered trademarks:



Defendant is a Florida limited liability company established in February 2024.  One of Defendant's managers is the son of one of Plaintiff's former franchisees.  Shortly after its formation, Defendant began using the trademark "HANDY HUNKS" in connection with its services.  Defendant provides manual labor services similar to those offered by Plaintiff, such as home cleaning, junk removal, and moving.  (*Id.* ¶¶ 18, 22–24).  Defendant uses the following logo of a muscular man in connection with the services it offers:



To support its allegations, Plaintiff cites a satisfactory customer review from Defendant's website. (*Id.* ¶ 22). The review notes the customer used Defendant to move furniture and clean their house. Plaintiff also cites to an advertisement for Defendant from a third-party website, which notes Defendant provides "junk removal services." (*Id.* ¶ 24). The advertisement includes an image taken from Defendant's website showing two men moving furniture from a home:



According to Plaintiff, Defendant's logo and HANDY HUNKS mark (together, "HANDY HUNKS marks") are confusingly similar to the COLLEGE HUNKS marks. In August 2025, Plaintiff emailed Defendant asking it to cease using the HANDY HUNKS marks. Later that month, Plaintiff received a response from Gary and Kim Bussard, who are the former owners of one of Plaintiff's franchisees, and are the parents of Bryce Bussard, one of

Defendant's managers. The Bussards responded that the HANDY HUNKS marks are not similar to the COLLEGE HUNKS marks.

On September 18, 2025, Plaintiff sent a letter to Defendant reiterating its position regarding the marks and requested a response by the following week. After a series of follow-up emails, Defendant responded to Plaintiff on October 22, 2025. Defendant refused to stop using the HANDY HUNKS marks.

Plaintiff brings three claims against Defendant: trademark infringement under the Lanham Act, 15 U.S.C. § 1114 (Count I); federal unfair competition and trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a) (Count II); and common law unfair competition under Florida law (Count III). Defendant moves to dismiss all three counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and moves to strike material from the complaint under Federal Rule of Civil Procedure 12(f).

**Legal Standard**

To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," are not enough. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the

4

claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). Dismissal for failure to state a claim is not proper if the factual allegations are "enough to raise a right to relief above the speculative level." *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (quotation omitted).

Rule 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike is to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hutchings v. Fed. Ins. Co.*, 6:08-cv-305, 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008) (internal quotation omitted). It is not intended to "procure the dismissal of all or part of a complaint." *Id.* (citations omitted). "Granting a motion to strike is a drastic remedy disfavored by the courts." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (citing cases); *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (noting motions to strike "are often . . . time wasters"). "If there is any doubt as to whether under

any contingency the matter may raise an issue, the [Rule 12(f)] motion should be denied." *Blake*, 318 F.R.D. at 700.

## Analysis

The Court addresses Defendant's Rule 12(f) motion first. Defendant asks the Court to strike allegations from the complaint which use a review found on Defendant's website, and language describing its services from a third-party website. (Doc. 1 ¶¶ 22, 24). Defendant claims these allegations are impermissible because Plaintiff is attempting to use the third-party sources to allege Defendant's conduct and establish key elements of the claims at issue. (Doc. 16 at 3–6). This argument misses the mark.

As a threshold matter, Defendant's Rule 12(f) motion is improper. Its purpose in filing the motion clearly is to seek dismissal of the claims, rather than the striking of "redundant, immaterial, impertinent, or scandalous" material. Fed. R. Civ. P. 12(f). Defendant contends the allegations "fail" and that they "cannot support a plausible claim under *Iqbal*" which is clearly a Rule 12(b)(6) argument. Therefore, Defendant's Rule 12(f) motion fails at the outset. *See Hutchings*, 2008 WL 4186994, at *2.

Even considering Defendant's arguments under the Rule 12(b)(6) framework, they still lack merit. *See id.* (noting a court may treat an improperly labeled motion to strike as a motion to dismiss) (citing cases). Defendant offers no authority suggesting that Plaintiff's use of language from

Defendant's customer reviews or advertisements on third-party websites is legally improper. Indeed, the Court agrees with Plaintiff that the argument Defendant propounds is an impermissible attempt to heighten federal pleading requirements.[2] (*See* Doc. 25 at 8). Therefore, the Court rejects Defendant's arguments regarding the "third-party" materials.

Now the Court addresses Defendant's intended Rule 12(b)(6) motion arguments. First, Defendant argues that the Lanham Act claims fail because Plaintiff fails to plead that a likelihood of confusion exists between the marks at issue.[3] Second, Defendant contends that Plaintiff fails to allege willful infringement and therefore is not entitled to statutory damages under the Lanham Act. Finally, Defendant argues that Plaintiff's common law unfair competition claim is duplicative of its Lanham Act claims. The Court takes these arguments in turn.

The Court begins with Defendant's likelihood of confusion argument. To prevail on a claim of trademark infringement or unfair competition, a plaintiff "must show (1) that it had trademark rights in the mark or name at issue and

---

[2] Defendant's argument is logically inconsistent as well. It attaches screenshots from its website and argues the Court may consider them at the motion to dismiss stage. (Doc. 16 at 5). Yet Defendant also argues the Court may not consider a review Defendant put on its own website. (*Id.* at 3). Defendant cannot have its cake and eat it too.

[3] The Court takes Defendant's likelihood of confusion argument as being directed towards Counts I and II, given that it is a necessary element of both claims. *See Turner Greenberg Associates, Inc. v. C & C Imports, Inc.*, 320 F. Supp. 2d 1317, 1330 (S.D. Fla. 2004) (citing *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1475 n.3 (11th Cir. 1991)).

(2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012) (citation omitted). The Eleventh Circuit has identified seven relevant factors to weigh when considering whether a trademark is likely to confuse consumers:

> (1) the strength of the plaintiff's mark; (2) the similarity between the plaintiff's mark and the allegedly infringing mark; (3) the similarity between the products and services offered by the plaintiff and defendant; (4) the similarity of the sales methods; (5) the similarity of advertising methods; (6) the defendant's intent, e.g., does the defendant hope to gain competitive advantage by associating his product with the plaintiff's established mark; and (7) actual confusion.

*All. Metals, Inc. v. Hinely Indus., Inc.*, 222 F.3d 895, 907 (11th Cir. 2000) (citation omitted); *see also Alfa Corp. v. Alpha Warranty Servs., Inc.*, 696 F. Supp. 3d 1086, 1094 (M.D. Ala. 2023) (noting the test for likelihood of confusion is the same for infringement under 15 U.S.C. § 1114 and unfair competition under 15 U.S.C. § 1125(a)).

Based on these factors, Plaintiff plausibly alleges the likelihood of confusion element for its infringement claims. As to the strength of the mark, Plaintiff alleges that the COLLEGE HUNKS marks predated the HANDY HUNKS marks. (Doc. 1 ¶¶ 7–11, 16). Plaintiff alleges Defendant knew of the COLLEGE HUNKS marks because one of its managers has family connections

to a former franchisee of Plaintiff, which goes to Defendant's intent to associate the HANDY HUNKS marks with the COLLEGE HUNKS marks. (*Id.* ¶ 17). The complaint alleges that Defendant's marks are confusingly similar to Plaintiff's marks and provides images of the marks to support that allegation. (*Id.* ¶¶ 10, 19, 26, 27). And Plaintiff alleges that it and Defendant provide similar services.[4] (*Id.* ¶¶ 18, 24, 25). At the pleading stage, the Court must accept the allegations in the complaint as true and construe them in the light most favorable to Plaintiff. *See Belanger*, 556 F.3d at 1155. "Thus, at this early stage of the litigation" Plaintiff plausibly alleges the likelihood of confusion element of its trademark claims. *3Lions Publishing, Inc. v. Interactive Media Corp.*, 389 F. Supp. 3d 1031, 1042 (M.D. Fla. 2019).

The Court turns to Defendant's willfulness argument. Plaintiff alleges it is entitled to recover treble damages and attorney's fees under the Lanham Act because Defendant willfully infringed on the HANDY HUNKS marks. (Doc. 1 ¶ 51) (citing 15 U.S.C. § 1117). Defendant argues Plaintiff cannot seek these damages because the complaint fails to allege Defendant acted with an "intent to infringe." (Doc. 16 at 6). Again, Defendant is mistaken.

---

[4] Defendant disputes the characterization that it offers similar services to Plaintiff, and requests the Court consider Defendant's website under the incorporation by reference doctrine. (Doc. 16 at 5). Plaintiff responds by providing screenshots from Defendant's website that purportedly show the allegations in the complaint are accurate. The Court finds that this argument is inappropriate at the pleading stage and declines to weigh evidence regarding how Defendant marketed its services at this juncture.

Willful infringement occurs "when the infringer acted with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's [trademark]." *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). "As a general rule, a party's state of mind (such as knowledge or intent) [for determining willfulness under 15 U.S.C. § 1117] is a question of fact for the factfinder, to be determined after trial." *Chanel*, 931 F.2d at 1475.

Defendant's willfulness argument fails for reasons similar to its confusion argument. On the face of the complaint, it is plausible Defendant's actions are willful. Plaintiff alleges that Defendant "intentionally caused and continues to cause confusion, mistake, or deception" through its use of the HANDY HUNKS marks. (Doc. 1 ¶ 51). Not only that, Plaintiff alleges when "Defendant established its HANDY HUNKS business, it knew of [Plaintiff], its [COLLEGE] HUNKS Marks, and its Hunks Logo because at least one of Defendant's managers was the son of a former . . . franchisee [of Plaintiff]." (*Id.* ¶ 17). These allegations are sufficient. *Cf. Daimler Truck AG v. Partnerships & Unincorporated Associations Identified on Schedule A*, 794 F. Supp. 3d 1300 (S.D. Fla. 2025) (noting that the allegation the defendant's infringement was willful sufficed when granting default judgment because the court "must" accept the allegations in the initial pleading as true). Therefore the Court rejects Defendant's willfulness argument.

Finally, the Court addresses Defendant's argument regarding Plaintiff's common law unfair competition claim. Defendant argues that the common-law claims is duplicative of the federal claims and therefore should be dismissed. (Doc. 16 at 6). Plaintiff failed to respond to this argument in its response.

Defendant's duplicativeness argument is meritless. It cites a single case, *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188 (11th Cir. 2001), for the proposition that "unfair competition claims based on trademark infringement are coextensive with Lanham Act claims," and argues therefore the claims may not be brought together. (Doc. 16 at 6). The Court has reviewed *Planetary Motion*, among other cases, and finds no support for Defendant's contention. [5] *See Planetary Motion*, 261 F.3d at 1205 (affirming an order granting summary judgment for infringement claims brought under the Lanham Act and Florida's unfair competition law); *Monsanto Co. v. Campuzano*, 206 F. Supp. 2d 1252, 1260–68 (S.D. Fla. 2002) (granting

---

[5] Defendant's argument confuses two related but distinct concepts. It is well established that "[c]ourts may use an analysis of federal infringement claims as a 'measuring stick' in evaluating the merits of state law claims of unfair competition." *Planetary Motion*, 261 F.3d at 1193 n.4 (quoting *Investacorp, Inc. v. Arabian Inv. Banking Corp.*, 931 F.2d 1519, 1521 (11th Cir. 1991), *cert. denied,* 502 U.S. 1005, 112 (1991)). But the fact courts may employ similar standards to evaluate Lanham Act claims and state law unfair competition claims does not mean they are duplicative of each other. This is true in other statutory contexts as well. *Cf. Fuller v. Edwin B. Stimpson Co. Inc.*, 598 F. App'x 652, 653 (11th Cir. 2015) (noting that Title VII and Florida Civil Rights Act claims, while not duplicative of each other, are analyzed under the same framework).

11

summary judgment for federal trademark claims and claim brought under Florida common law), *modified*, 206 F. Supp. 2d 1270 (S.D. Fla. 2002).  The Court rejects Defendant's duplicativeness argument.

In sum, all of Defendant's arguments lack merit, so its motion to dismiss and motion to strike are denied.

Accordingly, it is

**ORDERED:**

Defendant Handy Hunks LLC's motion to dismiss and motion to strike (Doc. 16) are **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record