UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHHJ FRANCHISING, L.L.C.,

Plaintiff / Counterclaim Defendant,

v. Case No.: 2:25-cv-982-SPC-NPM

HANDY HUNKS, LLC,

Defendant / Counterclaim Plaintiff.

---

**OPINION AND ORDER**

Before the Court is Counterclaim Defendant CHHJ Franchising, L.L.C.'s ("CHHJ") Partial Motion to Dismiss Counts IV, V, and VI of Handy Hunks, LLC's Counterclaims (Doc. 37) and Counterclaim Plaintiff Handy Hunks, LLC's ("Handy Hunks") response (Doc. 49). Because the Court lacks subject matter jurisdiction over Counts IV, V, and VI of the counterclaims, the Court dismisses them without prejudice. Thus, the motion, which does not raise the issue, is moot.

**Background**

This is a straightforward trademark infringement case in which CHHJ brings the following claims: Count I – Federal Trademark Infringement (15 U.S.C. § 1114); Count II – Federal Unfair Competition and Trademark

Infringement (15 U.S.C. § 1125(a)); and Count III – Common Law Unfair Competition. (*See* Doc. 1). Handy Hunks brings the following related counterclaims: Count I – Declaratory Judgment of Non-Infringement (28 U.S.C. §§ 2201–2202 and 15 U.S.C. §§ 1114 and 1125(a)); Count II – Declaratory Judgment Confirming Validity of Continued Registrability of Handy Hunks' Federal Trademark Registrations (28 U.S.C. §§ 2201–2202 and 15 U.S.C. § 1119); Count III – Declaratory Judgment Concerning the Scope of CHHJ's Enforceable Trademark Rights (28 U.S.C. §§ 2201–2202). (*See* Doc. 36 at 13–22).

Handy Hunks also brings the following state-law tort counterclaims: Count IV – Violation of Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. §§ 501.201–501.213); Count V – Tortious Interference with Existing and Prospective Business Relationships; and Count VI – Common Law Unfair Competition. (*See* Doc. 36 at 13–18, 22–30). CHHJ now moves to dismiss Counts IV, V, and VI of the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 37).

**Legal Standards**

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526

U.S. 574, 583 (1999)). The general rule under Rule 12(h)(3) is that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."

Federal district courts are given supplemental jurisdiction over state claims that "form part of the same case or controversy" as federal claims over which they have original jurisdiction. *See* 28 U.S.C. § 1367(a). This standard "confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citation omitted). When a counterclaim is compulsory, this standard is satisfied. That is because a compulsory counterclaim itself entails a similar, but stricter, standard-"arising out of the transaction or occurrence that formed the subject matter of the plaintiff's claim." *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir. 1991). But when a counterclaim is permissive, it does not satisfy the § 1367(a) standard, and instead requires an independent basis for jurisdiction-either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

**Discussion**

Upon review, Counts IV, V, and VI of Handy Hunks' counterclaims are permissive and here is why. The facts supporting the claims in the complaint detail Handy Hunks' alleged trademark infringement on CHHJ's marks since

2024. (*See* Doc. 1). Similarly, Counts I–III of the counterclaims essentially allege why Handy Hunks has not infringed on CHHJ's marks. (*See* Doc. 37 at 18–22). However, the facts supporting Counts IV–VI of Handy Hunks' counterclaims are limited to CHHJ's conduct just before and during this litigation. (*See id.* at 22–30). In short, the facts alleged regarding these tort claims have nothing to do with trademark infringement. So the Court lacks supplemental jurisdiction over these claims under § 1367(a). *See Serrano v. A Plus Painting, LLC*, Case No. 2:15-cv-30-FtM-38MRM, 2015 WL 5247761, at *2 (M.D. Fla. Sept. 8, 2015) (finding no subject matter jurisdiction over state-law counterclaims unrelated to the federal claim).

Even though the counterclaims are permissive, the Court may retain jurisdiction over these claims if there is an independent basis for jurisdiction. *See id.* Here, there is not. Like the allegations in the complaint, the jurisdictional allegations supporting the counterclaims are based on federal question jurisdiction, with supplemental jurisdiction over the state-law claims. (*See* Doc. 1 at 2, Doc. 36 at 13). Because Counts IV–VI of the counterclaims, all of which seek affirmative relief, are permissive, and there is no independent basis for jurisdiction pled, these claims are dismissed for lack of subject matter jurisdiction. *See id.* If Handy Hunks wishes to pursue these claims, "it must file a separate action in the appropriate forum." *See id.* (quotations omitted).

Accordingly, it is now

**ORDERED:**

1. Counts IV, V, and VI of Handy Hunks' counterclaims are **DISMISSED without prejudice** for lack of subject matter jurisdiction.
2. CHHJ's Partial Motion to Dismiss Counts IV, V, and VI of Handy Hunks, LLC's Counterclaims is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record